IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY HAROLD WARNICK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 01-CV-031-TCK-PJC |
| | ) |
| GLYNN BOOHER, Warden, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2241 habeas corpus case filed by Petitioner Anthony Warnick. Petitioner was in the custody of the Oklahoma Department of Corrections ("DOC") when the action was commenced, but has discharged his sentence and has been released from custody during the pendency of this action. Before the Court is a double jeopardy issue remanded for further proceedings by the Tenth Circuit Court of Appeals. For the reasons discussed below, the Court finds Petitioner's request for habeas corpus relief has not been rendered moot by his release from custody. Nonetheless, the Court finds that Petitioner is not entitled to habeas corpus relief on the remanded issue and the petition should be denied.

*BACKGROUND*

The Court shall summarize the facts giving rise to Petitioner's double jeopardy claim. When he filed his petition, Petitioner was in custody serving sentences entered on convictions for lewd molestation. He first served a six-year sentence resulting from a revocation of probation for a 10 year sentence entered in 1989 and then began serving current 20-year sentences entered in 1996. The 20-year sentences were ordered to be served consecutively to the six-year sentence. His "rebill date," the date on which his six-year sentence ended and his 20-year concurrent sentences began,

was originally entered as June 28, 1998.

On July 25, 2000, a sentence audit revealed that Petitioner had been awarded earned credits to which he was not entitled. To correct the error, Petitioner's rebill date was changed from June 28 to August 18, 1998. Petitioner attempted to correct his record, through the available prison grievance process, by asking "how time can be taken from me from a case I have already discharged?" He was denied relief throughout the administrative review process. He then commenced this federal habeas corpus proceeding.

During the pendency of this federal habeas corpus proceeding, Petitioner's sentence was again audited in May 2002, after the Oklahoma Court of Criminal Appeals ("OCCA") determined that mandatory participation in the sex-offender treatment program is unconstitutional. As a result of that sentence audit, Petitioner received a net adjustment of 968 credits on his 20-year sentences. In addition, the auditors also determined that in April, 1996, while Petitioner was still serving his six-year sentence, a calculation error resulted in the subtraction of 106 credits rather than only 53 credits. To correct both the sex-offender treatment program error and the calculation error, Petitioner received 155 credits offset by 53 credits, or 102 credits on his six-year sentence. The rebill date on the six-year sentence was changed again to July 15, 1998.[1]

On January 2, 2001, Petitioner commenced this action by filing his petition in the United States District Court for the Eastern District of Oklahoma. The petition was transferred to this Court and adjudicated as a 28 U.S.C. § 2241 petition. By Order filed November 15, 2002 (Dkt. # 27), this Court denied habeas relief. Petitioner appealed. On September 22, 2005, the Tenth Circuit Court of

---

[1] The sentence calculations are difficult to understand and, as noted by the Tenth Circuit, "do not seem to follow the one-credit-equals-one-day rule."

Appeals remanded for further proceedings Petitioner's claim challenging the 53-credit offset to his sentence on double jeopardy principles. See Dkt. # 39 (Warnick v. Booher, 425 F.3d 842 (10th Cir. 2005)). The Circuit Court of Appeals also vacated this Court's judgment as to Petitioner's challenge to the subtraction of 155 sentence credits and directed that the claim be dismissed as moot. Id. By Order filed November 4, 2005 (Dkt. # 41), the Court dismissed as moot Petitioner's claim challenging the subtraction of 155 sentence credits and directed the parties to brief the remanded issues. The parties filed responsive pleadings as ordered. See Dkt. #s 42, 43. On May 22, 2006, the Court certified a question of law to the OCCA. See Dkt. # 45. The OCCA answered the certified question of law on September 29, 2006. See Dkt. # 52. On April 3, 2007, Respondent filed a notice to the Court (Dkt. # 53) advising that Petitioner had discharged his sentence and was released from custody on August 15, 2006.

*ANALYSIS*

**A. Mootness**

"Article III of the United States Constitution only extends federal judicial power to cases or controversies." United States v. Meyers, 200 F.3d 715, 718 (10th Cir. 2000). "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III . . . ." Aragon v. Shanks, 144 F.3d 690, 691 (10th Cir. 1998). To satisfy the case or controversy requirement, the petitioner must have suffered or be threatened with an actual injury traceable to the respondents and likely to be redressed by a favorable judicial decision. Id.

A writ of habeas corpus may be granted pursuant to § 2241 only if the petitioner is "in custody." 28 U.S.C. § 2241(c). A habeas corpus petition is not moot, however, merely because the petitioner is no longer in custody. Rather, the relevant inquiry is whether the petitioner is subject to

collateral consequences adequate to meet the injury-in-fact requirement of Article III. Spencer v. Kemna, 523 U.S. 1, 7 (1998).

On July 20, 2006, Petitioner filed a notice to the Court indicating his intent to file a 42 U.S.C. § 1983 action and arguing that this action would not be moot should he be released from custody. See Dkt. # 50. He relies on Sule v. Warden, ADX Florence Colorado, 1998 WL 10240 at *2 (10th Cir. 1998) (unpublished), in support of his position. In Sule, the Tenth Circuit held that notwithstanding service of sentence and release from custody, the rule announced in Heck v. Humphrey, 512 U.S. 477 (1994), requiring a successful attack on an underlying challenge to the validity of the administration of a sentence before pursuing damages claim, constitutes a collateral consequence within the meaning of the mootness doctrine. The Court agrees with Petitioner and finds that the Heck rule constitutes a collateral consequence within the meaning of the mootness doctrine. As a result, this action has not been rendered moot by Petitioner's discharge of his sentence and release from custody.

**B. No violation of Double Jeopardy Clause**

Upon consideration of the remanded issue, the Court finds that the administration of Petitioner's sentence did not violate double jeopardy principles. According to the Tenth Circuit, "Mr. Warnick's sole surviving claim on remand is that the 53-credit offset on his six-year sentence violated double-jeopardy principles because it took place after he had fully served that sentence." See Dkt. # 39. The Circuit restated the issue as: Did Mr. Warnick have a legitimate expectation that his sentence was final before the 53-day offset was made? To answer this question, the Tenth Circuit directed examination of the following issues:

1. whether Oklahoma law -- constitution, statutes, regulations, and case law -- forbids making the offset after Mr. Warnick's rebill date, and

4

      2.      if not, whether there has been an event in this case, like an acquittal, that gave Mr. Warnick a legitimate expectation of finality as a matter of federal constitutional law, state law to the contrary notwithstanding.

See Dkt. # 39 at 14.

As there appeared to be no clear, controlling precedent regarding the question concerning Oklahoma law, the Court certified the following question of law to the OCCA:

> Whether Oklahoma law -- constitution, statutes, regulations, and case law -- provides an Oklahoma prisoner with an expectation of finality with respect to a sentence such that a correction to the period of confinement cannot be made after the sentence has been discharged but while the prisoner is still confined on a consecutive sentence?

See Dkt. # 45. In Warnick v. Booher, 144 P.3d 897 (Okla. Crim. App. 2006), the OCCA provided an answer to the question as follows:

> Under Oklahoma law, the pronouncement of the prison sentence in the judgment and sentence gives a criminal defendant a legitimate expectation of finality in the execution of that sentence only to the extent he will be required to serve the entirety of that sentence. Petitioner's six year sentence, and the two twenty year concurrent sentences, running consecutively to the six year sentence, are considered one sentence with multiple parts for purposes of satisfying his court ordered punishment. While Petitioner may have discharged the first portion of his sentence, he is still confined to DOC until his full sentence is completely discharged. Any errors in DOC recordkeeping are not grounds for early release and do not create an expectation of finality of the sentence.

See id. at 903; Dkt. # 52.

In light of the OCCA's answer to the certified question of law, the Court finds that Oklahoma law does not forbid making the offset after Mr. Warnick's rebill date. In answering the certified question of law, the OCCA determined that under Oklahoma case law and DOC regulations, Petitioner's multiple sentences are considered one sentence with multiple parts for purposes of satisfying his court ordered punishment. Id. at 12. "Petitioner's sentence will not be discharged until all parts of it are completely served through the combination of accumulation of credits and

5

actual days in prison." Id. Thus, administration of Petitioner's state sentences under Oklahoma law follows the same principles governing administration of sentences imposed on federal prisoners. Cf. 18 U.S.C. § 3584(c) (providing that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment"). As noted by Judge Hartz in his concurring opinion in the order of remand, the federal statutes governing the administration of federal sentences have never been held unconstitutional. See Warnick v. Booher, 425 F.3d 842, 849 (10th Cir. 2005).

In addition, entry of an erroneous rebill date was not an event, comparable to an acquittal, that gave Mr. Warnick a legitimate expectation of finality as a matter of federal constitutional law. See United States v. DiFrancesco, 449 U.S. 117, 132 (1980). The state-law result, permitting the audit and offset of earned credits after Petitioner's rebill date, was not so unforeseeable that the correction violated a legitimate expectation of finality. The Tenth Circuit Court of Appeals, addressing double jeopardy concerns when grappling with resentencing issues, treated a two-part federal sentence as "'an aggregate sentence, not sentences which may be treated discretely,'" and concluded that the defendant "could possess no legitimate expectation of finality in either sentence until he had fully discharged them both." United States v. Easterling 157 F.3d 1220, 1224 (10th Cir. 1998) (quoting United States v. Mendoza, 118 F.3d 707 (10th Cir 1997)). Similarly, because Petitioner's state sentences are viewed as an aggregate sentence under Oklahoma law, see Dkt. # 52, he had no legitimate expectation of finality in any part of his sentence until he had fully discharged all parts of the aggregate sentence. This case involves an adjustment to Petitioner's sentence while he remained in custody resulting from the discovery of a mistake in an award of earned credits. In that respect, it falls line with White v. Pearlman, 42 F.2d 788 (10th Cir. 1930), a case where a

prisoner was released several years early because of a mistake in the prison records. In White, the Tenth Circuit pronounced in dictum that there could be "no doubt of the power of the government to recommit a prisoner who is released or discharged by mistake, where his sentence would not have expired if he had remained in confinement." Id. at 789. Petitioner's original rebill date resulted from an error in the calculation of his sentence, an error which was corrected by an adjustment to his rebill date while he remained incarcerated on another part of his aggregate sentence. It was not unforeseeable in this case that an error in sentence calculation resulting in the entry of an erroneous rebill date would not entitle Petitioner to an early release. Therefore, the Court concludes that Petitioner is not entitled to habeas corpus relief on his double jeopardy claim.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Petitioner's 28 U.S.C. .§ 2241 request for habeas corpus relief based on violation of the Double Jeopardy Clause is **denied**.

2. This is a final order terminating this action

DATED THIS 5th day of November, 2007.

_Terence Kern_
TERENCE KERN
UNITED STATES DISTRICT JUDGE